IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| BAVARIA YACHTS USA, LLLP | : | CASE NO. 16-68583-jrs |
| | : | |
| DEBTOR. | : | |

**CREDITOR BAVARIA YACHTBAU GMBH'S RESPONSE IN OPPOSITION TO DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY ROBERT ALLEN LAW AS SPECIAL COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

COMES NOW, Creditor Bavaria Yachtbau GmbH ("Bavaria Yachtbau") and hereby files its response in opposition to Debtor Bavaria Yachts USA, LLLP's ("Debtor") application for authority to employ Robert Allen Law ("RAL") as special counsel to the Debtor *Nunc Pro Tunc* to the petition date ("Debtor's Application") and respectfully shows the Court the following.

## INTRODUCTION

Debtor's Application is an improper attempt to employ a prepetition creditor as special counsel for matters related to Bavaria Yachtbau, which are the central issues in this bankruptcy. As an initial matter, it is well settled law that prepetition creditors are prohibited from being employed by a debtor in possession pursuant to 11 U.S.C. § 327(a). Debtor's Application admits that RAL is such a prepetition creditor. Thus, RAL is barred from being employed pursuant to Section 327(a).

-1-

Further, it also is well settled law that special counsel cannot be retained pursuant to 11 U.S.C. § 327(e) to handle the central issues in a bankruptcy proceeding.  Here, Debtor seeks to retain RAL to handle undefined matters related to Bavaria Yachtbau.  Debtor's sworn filings, however, show that its only real assets are boats manufactured by Bavaria Yachtbau for which Debtor has yet to pay Bavaria Yachtbau.  As a result, Bavaria Yachtbau is Debtor's largest creditor by a wide margin.  Debtor's prepetition correspondence, through RAL, shows that matters related to Bavaria Yachtbau are the primary issues in this bankruptcy and indeed the bankruptcy was filed as an obvious attempt to obtain settlement leverage.  Bavaria Yachtbau strongly objects to having <u>two</u> sets of counsel paid for with money that it is owed.  This is a needless expense to the Estate.  Thus, RAL cannot be employed as special counsel to handle these matters.

Further, Debtor's Application failed to attach any item to the Application to show any of RAL's credentials.  This Application also shows that RAL's attorneys are not licensed to practice law in Georgia.  Moreover, Debtor's Application and the Declaration of Alexander Dombrowsky failed to disclose the amounts paid by Debtor to RAL within the 90 day preference period despite the fact that Debtor's Statement of Financial Affairs notes a $10,000 retainer paid to RAL.  Thus, Debtor's Application failed to comply with the requirements of Federal Rule of Bankruptcy Procedure 2014.

## FACTS AND BACKGROUND

Debtor's business primarily consisted of selling boats manufactured by Bavaria Yachtbau, and Debtor's Declaration shows that its purported primary assets are such boats, which Debtor lists as valued at more than $5 million. [Doc. 11 at 2-8.] Debtor's Declaration shows that Bavaria Yachtbau is its largest creditor by a wide margin. [*Id.* at 11-21.] Most of the other purported "creditors" with sizeable claims are Debtor's own shareholders. [*Id.* at 11-21, 37-38.] In fact, the following equity security holders are listed as creditors in Debtor's Declaration:

- Andrew Thompson is listed as owning 4.62% of Debtor and as having a claim for $60,367.78. [*Id.* at 11, 37.]

- Arthur Brohinsky is listed as owning 1.5% of Debtor and as having a claim for $100,000. [*Id.* at 12, 37.]

- Chris Meyer is listed as owning 22.43% of Debtor and as having a claim for $54,377.67. [*Id.* at 13, 37.]

- Dan Brooks is listed as owning 9.04% of Debtor and as having a claim for $413,468. [*Id.* at 14, 37.]

- Jeffrey Shulman is listed as owning 1.5% of Debtor and as having a claim for $100,000. [*Id.* at 16, 37.]

- Oddbody, LLC (a company controlled by Kenneth Feld) is listed as owning 40.03% of Debtor and Kenneth Feld is listed as having a claim for $143,573.53. [*Id.*] Likewise, Cindy Feld, who appears to be a relative of Kenneth Feld, is listed as having a claim for $540,931.51. [*Id.* at 13.]

- Sylvia Driver is listed as owning 4.62% of Debtor and as having a claim for $85,064.02. [*Id.* at 19.]

Prior to filing its Petition, Debtor and its shareholders employed RAL to send letters to Bavaria Yachtbau. [Ex. 1.][1] After Bavaria Yachtbau terminated its contractual relationship with Debtor, Debtor, through RAL, threatened to file for bankruptcy relief and to use the bankruptcy process to hold ten boats manufactured by Bavaria Yachtbau for which Debtor owes substantial monies hostage unless Bavaria Yachtbau agreed to purchase all of the shares of Debtor. [*Id.*] Thus, Debtor is attempting to use this bankruptcy proceeding to either attempt to coerce Bavaria Yachtbau into purchasing Debtor's shares or to use Bavaria Yachtbau's assets to pay back Debtor's shareholders for their equity investments in Debtor.

As a result of this prepetition legal work, RAL is one of Debtor's prepetition creditors. In fact, Debtor's Application admits that Debtor owes RAL $14,897.19. [Doc. 18 at ¶10.] RAL has not waived this fee. [*Id.*; Doc. 18 Ex. A at ¶2.]

Debtor's Application shows that attorneys at RAL are not admitted to practice law in the State of Georgia or before this Court. [Doc. 18 at ¶7.] Moreover, Debtor's Application does not provide any evidence of RAL's credentials. [Doc. 18.] Furthermore, Debtor's Application, including the Declaration of Alexander Dombrowski, failed to disclose any payment by Debtor

---

[1] Exhibit 1 is a copy of an October 12, 2016 letter sent by RAL to the Board of Directors of Bavaria Yachtbau. Bavaria Yachtbau disagrees with Debtor's legal analysis in this letter.

to RAL.  [Doc. 18.]  Debtor's Declaration, however, listed a payment of $10,000 to RAL within the last 90 days.  [Doc. 11 at 26.]

## ARGUMENT AND CITATION TO AUTHORITY

11 U.S.C. § 327(a) forbids "a debtor in possession from retaining a prepetition creditor to assist it in the execution of its Title 11 duties." *In re Eastern Charter Tours, Inc.*, 167 B.R. 995, 997 (Bankr. M.D. Ga. 1994) (quoting *United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3rd Cir. 1994)); *see also In re First American Health Care of Georgia, Inc.*, Nos. 96-20188, 9620190, 96-20218, 1996 WL 33404562, *4 (Bankr. S.D. Ga. Apr. 18, 1996) ("Section 327(a) sets a stringent no-creditor status requirement for professionals hired by trustees or debtors-in-possession").  Here, RAL is a prepetition creditor of Debtor.  [Doc. 18 at ¶10; Doc. 18 Ex. A at ¶2.]  Thus, this Court must deny the request to employ RAL pursuant Section 327(a).

Additionally, 11 U.S.C. § 327(e) prohibits Debtor from employing RAL to handle matters related to Bavaria Yachtbau as these matters are central to this bankruptcy.  Section 327(e) states:

> The trustee, with the court's approval, may employ, <u>for a specified special purpose</u>, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e) (emphasis added).  This provision creates a limited exception to Section 327(a)'s "no-creditor status requirement for professionals" hired by debtors in possession "which must be narrowly construed to avoid evisceration of the general rule."  *In re First American Health Care of Georgia, Inc.*, 1996 WL 33404562, *4.  Whether RAL's employment, as requested by Debtor's Application, falls within the meaning of "a specified special purpose" is the "threshold issue" for this analysis.  *Id.* at *3.

While courts have "yet to articulate a clear test" for what services constitute a specified special purpose, "[m]ost fact patterns . . . have limited this exception to cases where the litigation was pending either pre-petition, or at the time of the application, or where, in fact, only a single lawsuit was involved."  *Id.* at *5.  "The continuum of possible levels of representation ranges from a single pending case, ancillary to the debtor's business on one extreme, which is permitted, to representation that amounts to conducting the Chapter 11 case on the other, which is clearly prohibited."  *Id.*  It is clear that Courts should not authorize the employment of special counsel to handle litigation that is central to a Chapter 11 case.  *Id.* at *6 (denying the application to retain Alston & Bird as special counsel for certain matters because these matters will "strike at the very heart of or be central to the Debtor's conduct of this Chapter 11 case").  "Ultimately, the bankruptcy court, when considering the application of prospective counsel

pursuant to Section 327(e) must guard against the retention of a creditor whose role as 'special counsel' has the potential of placing the professional in a *de facto* role which is impermissibly broad and general." *Id.* at *4.

Here, Debtor seeks to "employ RAL as special counsel for matters related to [Bavaria Yachtbau]." [Doc. 18 at ¶ 6.] This representation is impermissibly broad as Debtor's business consisted of selling boats manufactured by Bavaria Yachtbau, Debtor's largest creditor is Bavaria Yachtbau, and Debtor's purported primary assets are boats manufactured by Bavaria Yachtbau for which Debtor owes substantial amounts of monies. [Doc. 11.] Moreover, Debtor's October 12, 2016 letter, through RAL, makes clear that the purpose of this bankruptcy filing is to attempt to coerce Bavaria Yachtbau into entering into a settlement agreement that buys out Debtor's shareholders. (Ex. 1.) Furthermore, there is no pending litigation between Debtor and Bavaria Yachtbau. For these reasons, the employment of RAL as special counsel will be improperly open ended and undefined, and this employment will improperly deal with issues central to Debtor's bankruptcy. *See In re First American Health Care of Georgia, Inc.*, 1996 WL 33404562, *6 ("I find that it would go beyond the scope of what Congress intended in Section 327(e) to approve multiple case representation by Alston & Bird in cases yet to be filed, the outcome of which will dictate the manner in which

Debtors' bankruptcy counsel can conduct the case and determine in large measure the success of this Chapter 11 case.")

Further, there is nothing in Debtor's Application (1) indicating the independent qualifications of RAL, (2) showing that RAL is licensed to appear before this court, or (3) disclosing the fact that RAL received $10,000 within the 90 days of the filing of this case.  [Doc. 18.]  Thus, Debtor's Application failed to show the "necessity for the employment" of RAL, "the reasons for the selection" of RAL, or RAL's connections with Debtor as required by Federal Rule of Bankruptcy Procedure 2014(a).

## CONCLUSION

For the foregoing reasons, Debtor's Application should be denied.

This 16th day of November, 2016.

> */s/ Richard L. Robbins*
> Richard L. Robbins
> Georgia Bar No. 608030
> rrobbins@robbinsfirm.com
> Craig G. Kunkes
> Georgia Bar No. 963594
> ckunkes@robbinsfirm.com
> Robbins Ross Alloy Belinfante Littlefield LLC
> 999 Peachtree Street, N.E., Suite 1120
> Atlanta, Georgia  30309
> Telephone: 678-701-9381
> Fax: 404-856-3250
>
> */s/ Shayna M. Steinfeld*
> Shayna M. Steinfeld
> Georgia Bar No. 622895

shayna@steinfeldlaw.com
Steinfeld & Steinfeld, P.C.
P.O. Box 49446
Atlanta, Georgia 30359
Tel: (404)636-7786, Fax: (404)636-5486

*Attorneys for Bavaria Yachtbau GmbH*

-9-

# CERTIFICATE OF SERVICE

I certify that on this day, I served a copy of the foregoing **CREDITOR BAVARIA YACHTBAU GMBH'S RESPONSE IN OPPOSITION TO DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY ROBERT ALLEN LAW AS SPECIAL COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE** via the CM/ECF electronic filing system on all Electronic Filing Users who have consented to such service.

This 16th day of November, 2016.

>   */s/ Richard L. Robbins*
>   Richard L. Robbins